# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
      **Plaintiff,**

    v.                       **Case No. 06-CR-336**

**MIGUEL HEALY**
      **Defendant.**

## SENTENCING MEMORANDUM

Defendant Miguel Healy pleaded guilty to conspiracy to distribute cocaine, contrary to 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) and 846, and I set the case for sentencing. Under United States v. Booker, 543 U.S. 220 (2005) and its progeny, the district court follows a two-step sentencing process. First, the court must correctly calculate the applicable sentencing guideline range. Second, in order to determine the actual sentence, it must apply all of the factors set forth in 18 U.S.C. § 3553(a) to the facts and circumstances of the case. See, e.g., United States v. Bush, 523 F.3d 727, 729 (7th Cir. 2008).

In the present case, I first calculated a guideline range of 30-37 months, then, after considering all of the facts and circumstances of the case under § 3553(a), imposed a sentence of 20 months in prison, followed by three years of supervised release. Written reasons for these determinations follow.

## I.

Defendant's pre-sentence report ("PSR") set a base offense level of 18, based on a drug weight of 100 to 200 grams of cocaine, with a 3 level reduction for acceptance of responsibility under § 3E1.1, for a final level of 15. The PSR then tallied defendant's prior convictions and

sentences, which produced a criminal history category of IV, for a resulting range of 30-37 months imprisonment. Neither side objected to these calculations, which I found correct and adopted accordingly.

**II.**

In determining the ultimate sentence, the district court must consider (1) the nature of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to (A) provide just punishment, (B) afford adequate deterrence, (C) protect the public from further crimes of the defendant, and (D) furnish the defendant with needed correctional treatment; (3) the kinds of sentences available in the case; (4) the advisory guideline range; (5) any pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims of the crime. 18 U.S.C. § 3553(a). After considering these factors, the court must impose a sentence that is "sufficient but not greater than necessary" to satisfy the statutory purposes of sentencing. Id.

The court must give respectful consideration to the guidelines' recommendation in determining a sufficient sentence under § 3553(a), Gall v. United States, 128 S. Ct. 586, 594 (2007), but it may not presume that the guideline sentence is the correct one, Rita v. United States, 127 S. Ct. 2456, 2465 (2007). Because the guidelines "are but one factor among those listed in 18 U.S.C. § 3553(a)," United States v. Carter, 530 F.3d 565, 578 (7th Cir. 2008), the court free to impose a sentence above or below the range so long as it adequately sets forth reasons, consistent with the § 3553(a) factors, for finding the sentence appropriate for the particular defendant, United States v. McKinney, 543 F.3d 911, 913-14 (7th Cir. 2008) (citing United States v. Castro-Juarez, 425 F.3d 430, 436 (7th Cir. 2005)).

2

## III.

### A.

This prosecution arose out of the government's investigation of a large-scale cocaine distribution organization in the Waukesha, Wisconsin area, which included several wiretaps. The government intercepted about forty-three drug-related calls between defendant and Javier Aguilera, the main player in the conspiracy, which revealed that defendant purchased 1 to 5 ounce quantities of cocaine from Aguilera and another conspirator, which he then re-distributed to others. The parties agreed that defendant was responsible for 100 grams to 200 grams of cocaine total.

### B.

Defendant was thirty-six years old, with a pretty serious record. His record began with a string of burglaries in 1990 and 1991 when he was a teen, then continued with a misdemeanor battery conviction in 1993; disorderly conduct in 1995; battery again in 1996; drunk driving in 2001; marijuana possession in 2002; and disorderly conduct again in 2006.

Defendant married in 1993, had three children, then divorced in 2003. Although he owed significant back child support, his ex-wife indicated that they maintain a good relationship, and that he was a good father. His current girlfriend also made positive statements about him, and numerous family members appeared in support at sentencing.

Defendant reported significant past substance use, but he completed counseling and submitted all negative screens on pre-trial release in this case. He graduated high school and compiled a decent work record, most significantly a machine operator job he held for nearly two years before his remand in this case. Before that, his work record was pretty spotty.

3

## C.

As indicated, the guidelines recommended 30-37 months, and I agreed that – although probation was an available sentence in this case – a fairly significant period of imprisonment was needed to satisfy the purposes of sentencing. See 18 U.S.C. § 3553(a)(3). While the total amount of cocaine involved was not all that high, the volume of calls suggested that defendant's involvement in the conspiracy was not slight. He was captured on the wire forty-three times, while Sal Uribe, a co-conspirator who fell in the same drug weight category, and who received a sentence of 12 months and 1 day in prison, appeared on the wire just twenty-six times. The calls also suggested significant amounts of money involved.

I also had to consider defendant's record, recounted above, which was also worse than Uribe's. However, defendant did appear to be doing better lately. His most serious offenses were ten to fifteen years old. More recently, he picked up minor disorderly and possession type offenses. I also considered his good work record recently, holding a job for nearly two years before his remand, as well as the positive statements from his ex-wife and girlfriend.

Under all of the circumstances, I found a sentence of 20 months sufficient but not greater than necessary. This sentence provided just punishment, given the modest drug weight and the absence of any aggravation by violence or weapon possession. See 18 U.S.C. § 3553(a)(2)(A). It also fairly balanced the seriousness of defendant's record with his improved behavior lately in sufficiently protecting the public. See 18 U.S.C. § 3553(a)(2)(C). Finally, it represented a sufficient to deterrent to a defendant who last served any significant sort of time ten years ago. See 18 U.S.C. § 3553(a)(2)(B). Given the seriousness of the offense and defendant's record, I concluded that defendant's treatment needs had to be met initially in the Bureau of Prisons and later as conditions of supervised release. See 18 U.S.C. §

4

3553(a)(2)(D).

**IV.**

Therefore, I committed defendant to the custody of the Bureau of Prisons for 20 months. This sentence varied only modestly from the guidelines, about 3 levels, and because it was supported by the particular facts discussed above it created no unwarranted disparity. See 18 U.S.C. § 3553(a)(6). Upon release, I ordered defendant to serve three years of supervised release, with a drug aftercare and other conditions that appear in the judgment.

Dated at Milwaukee, Wisconsin, this 9th day of December, 2008.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

5

Case 2:06-cr-00336-LA    Filed 12/09/08    Page 5 of 5    Document 605